Richard ALLEY, Plaintiff–Appellant,

v.

J. WOODFORD; et al., Defendants–Appellees.

No. 01–16048.

D.C. No. CV–01–00966–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Grace's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument on the basis of briefs presented by the parties. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM **

Richard Alley, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights by placing him in disciplinary segregation and denying him contact visits after he made threatening statements to guards. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A(a) for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

Alley failed to state a due process claim because the disciplinary committee's decision was supported by sufficient evidence in the record after a procedurally adequate hearing. *See Neal v. Shimoda*, 131 F.3d 818, 830–31; *Burnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir.1999).

Alley failed to state an Eighth Amendment claim because the disciplinary measures were neither a sufficiently serious deprivation, nor imposed by a prison official with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Finally, Alley failed to state a First Amendment retaliation claim, because the disciplinary measures were reasonably related to legitimate penological interests of maintaining safety and security. *See Stefanow v. McFadden*, 103 F.3d 1466, 1472 (9th Cir.1996).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument.

Alley's requests for oral argument and supplemental briefing are denied.

AFFIRMED.